UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ISAIAH FREITAG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:15 CV 1467 ACL |
| ) | |
| TOM VILLMER, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Petition of Isaiah Freitag for a Writ of Habeas Corpus under 28 U.S.C. § 2254.

**I. Procedural History**

Freitag is currently incarcerated at the Farmington Correctional Center in Farmington, Missouri, pursuant to the sentence and judgment of the Circuit Court of St. Charles County. (Doc. 7-2 at 44.)

The State originally charged Freitag with burglary in the first degree, forcible rape, forcible sodomy, and trespass in the first degree. (Doc. 7-2 at 5-41.) On January 20, 2012, Freitag pleaded guilty to a substitute information charging him with burglary in the first degree, sexual assault, and deviate sexual assault. *Id.* at 22-41. During the plea hearing, Freitag acknowledged that, but for the plea agreement, he would have been going to trial on the original charges. *Id.* at 31.) Freitag further acknowledged that he was pleading guilty to avoid the possibility of more severe sentences on the original charges. *Id.* He testified that counsel did not make any promises to him, other than to communicate the State's recommendation, to cause him to plead guilty. *Id.* Freitag further testified that he had no complaints about the services rendered by counsel. *Id.* at 36.

1

The court sentenced Freitag to ten years' imprisonment for the burglary count, seven years' imprisonment for the sexual assault count, and seven years' imprisonment for the deviate sexual assault. *Id.* at 43. The court ordered that the sentences for sexual assault and deviate sexual assault run concurrently with each other, but consecutive to the sentence for burglary. *Id.* Freitag did not appeal from the sentence and judgment. *Id.* at 6.

On July 23, 2012, Freitag filed a *pro se* motion for post-conviction relief. *Id.* at 46. After the appointment of counsel, Freitag filed an amended motion and request for evidentiary hearing, in which he argued that he was denied effective assistance of counsel when plea counsel advised him that he might serve as little as three-and-one-half years total. (Doc. 7-2 at 67.) The motion court denied Freitag's amended motion after holding an evidentiary hearing. *Id.* at 113-14.

In his appeal from the denial of post-conviction relief, Freitag argued that plea counsel was ineffective in misinforming him of the percentage of his sentence he would have to serve before being eligible for parole. (Doc. 7-4.) The Missouri Court of Appeals affirmed the decision of the motion court. (Doc. 7-6.)

Freitag filed the instant Petition on September 21, 2015, in which he raises the same claim raised in the post-conviction proceedings: plea counsel was ineffective for advising him that he would only have to serve three-and-one-half years before becoming eligible for parole. (Doc. 1.)

On November 10, 2015, Respondent filed a Response to Order to Show Cause, in which he argues that the Petition is untimely. (Doc. 7.) Respondent argues in the alternative that Freitag's claim fails on its merits. Freitag did not file a Reply.

## II.   Facts

On August 19, 2011, Freitag entered M.E.'s residence unlawfully by going through a window while M.E. was in her bedroom. (Doc. 7-2 at 29-31.) After entering the residence,

Freitag engaged in sexual intercourse with M.E. without her consent. *Id.* Freitag also engaged in deviate sexual intercourse with M.E. without her consent by penetrating M.E.'s vagina with an object. *Id.*

### III. Standard of Review

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed § 2254(d) in *Williams v. Collins*, 529 U.S. 362 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if the state court "decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Id.* at 405. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." *Id.* Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 410.

3

Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." *Id.* at 410.

### IV. Statute of Limitations

Respondent first argues that the Petition should be dismissed because Freitag failed to file his Petition within one year as required by 28 U.S.C. § 2244(d)(1)(A). "The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year limitations period for state prisoners to file federal habeas corpus petitions." *Bear v. Fayram*, 650 F.3d 1120, 1122 (8th Cir. 2011) (citing 28 U.S.C. § 2244(d)(1)). This one-year period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A habeas petition filed after the expiration of the limitations period is untimely and must be dismissed on that basis. *Bear*, 650 F.3d at 1122, 1125.

If an inmate does not seek a writ of certiorari on direct review, direct review concludes when the time limit for seeking further review expires. *Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012). Under Missouri Supreme Court Rules 30.01, 30.03, 81.04, 81.08, the time limit for filing a notice of appeal is ten days after the entry of judgment. The Amended Judgment and Sentence in this case was entered on February 6, 2012. (Doc. 7-2 at 44.) As such, direct review concluded on February 16, 2012.

A pending state post-conviction action or other state collateral review tolls the statute of limitations. 28 U.S.C. 2244(d)(2). At the time Freitag filed his post-conviction motion, one hundred fifty-eight days had passed, leaving Freitag with two hundred eight days to file his petition. The post-conviction case ended when the mandate issued on October 23, 2014. *See Payne v. Kemna,* 441 F.3d 570, 572 (8th Cir. 2006) (post-conviction relief proceedings final on

issuance of the mandate). The time for filing the petition expired two hundred eight days later, on May 19, 2015. Freitag's Petition, filed on September 21, 2015, was one hundred twenty-five days late.

Thus, the Petition is untimely and should be dismissed.

### V. Petitioner's Claim

In his sole ground for relief, Freitag argues that he received ineffective assistance of counsel because plea counsel incorrectly advised him that he would be eligible for parole in three-and-one-half years. (Doc. 1 at 5.) Freitag states that, after he arrived at prison, he learned that he would have to serve nine-and-one-half years. *Id.* He contends that he would not have accepted the State's offer but for the incorrect advice. *Id.* The Court has already found this claim to be untimely. As will be briefly discussed below, it fails on its merits as well.

Freitag testified by deposition in the post-conviction proceedings, consistent with his allegations. (Doc. 7-2 at 78-110.) At the evidentiary hearing, plea counsel testified that she did not give Freitag a specific amount of time that he would have to serve, and that she did not tell him that he would only have to serve three-and-one-half years before becoming eligible for parole. (Doc. 7-1 at 9, 11.) She stated that she used both a computer program provided by the Missouri Sentencing Commission and a parole analyst to evaluate Freitag's parole eligibility, but explained to Freitag that these estimates were just a "guess." *Id.* At 13. Counsel testified that she told Freitag that the Department of Corrections decides how much time he would have to serve, and that this decision was out of her control. *Id.* She explained to Freitag that he may have to serve his entire sentence. *Id.* at 13. Counsel further testified that Freitag wanted to plead guilty because of the reduced charges, and did not make any statement indicating he was only going to plead guilty if he could be paroled in a short period of time. *Id.* at 15.

The motion court denied Freitag's claim, finding counsel more credible than Freitag.

(Doc. 7-2 at 113-14.) The Missouri Court of Appeals affirmed the decision of the motion court, holding that Freitag "failed to show that any advice counsel gave regarding parole eligibility affected the voluntariness and understanding with which he made his plea," and failed to show "that he would have insisted on going to trial but for counsel's advice." (Doc. 7-6 at 8.)

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In the context of a guilty plea, a defendant who pleaded guilty upon the advice of counsel may challenge the voluntariness of that plea through a claim of ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). "The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Id.* "Where ... a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* (citation omitted); *see also Padilla v. Kentucky*, 559 U.S. 356, 364 (2010) (holding that plea counsel rendered deficient performance by failing to advise the defendant that his plea of guilty made him subject to automatic deportation).

To show ineffective assistance of counsel, a habeas petitioner must show both that "[his] counsel's performance was deficient" and that "the deficient performance prejudiced [his] defense." *Strickland*, 466 U.S. at 687. To establish prejudice in the context of a guilty plea, a habeas petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. When, as here, an ineffective assistance claim has been addressed by the state court, this Court must bear in mind that "[t]aken together, AEDPA and *Strickland* establish a 'doubly deferential standard' of review." *See Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (citation

omitted). It is not sufficient for a petitioner to "show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance." *Bell v. Cone*, 535 U.S. 685, 698-99 (2002). "Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id.* at 699.

Here, this Court's review of the record confirms that the state appellate court's decision rejecting Freitag's claim is not contrary to clearly established federal law, nor based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. The state court properly applied *Strickland*. Freitag testified on the record that no one made him any promises to cause him to plead guilty. "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Drake v. Steele*, No. 4:15-CV-00391-JAR, 2018 WL 950212, at *4 (E.D. Mo. Feb. 20, 2018) (citation omitted). Plea counsel testified at the evidentiary hearing that she did not promise Freitag that he would be eligible for parole after three-and-one-half years. The motion court determined after hearing testimony from Freitag and counsel that Freitag had not shown that counsel misinformed him regarding his parole eligibility. A state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1); *Whitehead v. Dormire*, 340 F.3d 532, 536 (8th Cir. 2003). Freitag has not produced any evidence to rebut this presumption.

Further, Freitag is unable to demonstrate prejudice. As set forth above, Freitag testified at the plea hearing that one of the reasons he was pleading guilty to the substituted charges was to avoid the risk of receiving a longer sentence on the original charges. Additionally, Freitag has not indicated that he has a viable defense to the charges. Thus, he cannot show that, if counsel had not given him the alleged advice regarding parole he would have rejected the plea offer and

gone to trial.

Accordingly, the Petition lacks merit and will be denied.

## VI. Certificate of Appealability

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Hunter v. Bowersox*, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). In this case, Freitag has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his Petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, no Certificate of Appealability shall be issued.

## ORDER

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 be **denied** and be **dismissed with prejudice** by separate judgment entered this date.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Petitioner be denied a Certificate of Appealability if Petitioner seeks to appeal this Judgment of Dismissal.

/s/ Abbie Crites-Leoni
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of September, 2018.